UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JUSTIN WRIGHT,<br><br>Defendant(s). | Case No. 2:20-CR-167 JCM (NJK)<br><br>ORDER |

Presently before the court is Justin Wright's ("Wright") motion for a copy of his "court docket sheet, judgment, and commitment order." (ECF No. 111). The government responded in opposition (ECF No. 115). Wright did not reply and the time to do so has passed.

Also before the court is Wright's motion for a copy of his plea agreement and "criminal history." (ECF No. 116). The government responded in opposition (ECF No. 117). Wright did not reply and the time to do so has passed.

BOP-wide regulations prohibit inmates from possessing copies of their presentence reports (PSRs) and statements of reasons (SORs) from judgment in criminal cases "for safety and security reasons" since those documents often contain highly sensitive and personal information and thus increase risk of harm to inmates. Federal Bureau of Prisons (BOP) Program Statement 1351.05, *Release of Information*, Part II, para. (2)(d)(1) (Sept. 19, 2020).

Accordingly, the BOP treats copies of these documents as contraband. *Id.* Federal inmates are entitled, however, under the Freedom of Information Act (FOIA), to access their PSRs and SORs. 5 U.S.C. § 552; *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988).

The government in this case contacted the Federal Bureau of Prisons (BOP) attorney advisor at FCC Victorville, the facility housing Wright, and confirmed that the docket report for

**James C. Mahan**
**U.S. District Judge**

1   Wright's case as well as his judgment and conviction order have been made available to
2   defendant for his review "under controlled circumstances."  (ECF No. 115 at 2).

3   The government also forwarded a copy of Wright's plea agreement (ECF No. 51) on
4   January 12, 2022, to the FCC Victorville attorney advisor, who in turn provided it to the unit
5   team overseeing Wright as an inmate.  (ECF No. 117).  It is therefore available for Wright to
6   review upon request and under controlled circumstances.  (*Id.* at 4).

7   Finally, Wright's request for a copy of his "criminal history" is ambiguous as there is no
8   court document titled "criminal history."  As a matter of course, the PSR is the only court
9   document that includes a defendant's criminal history.  To the extent Wright's request to access
10  his "criminal history" is a request to access his PSR, the government informs the court in its
11  response that Wright's PSR is already present in his BOP central file and available for his review
12  under controlled circumstances upon request of his unit team.  (*Id.*).  Wright did not reply to
13  contest this assertion.

14  Accordingly, given that Wright has been provided reasonable access to all the requested
15  documents, and given that he would be subject to disciplinary action by the BOP if he were to
16  obtain possession of photocopies of these case documents, the court denies Wright's requests.

17  Furthermore, Wright is currently represented by CJA appointed counsel, Lisa A.
18  Rasmussen, and yet continues to file motions pro se.  Wright is advised that local rules require
19  that "[u]nless the court orders otherwise, a party who has appeared by attorney cannot while so
20  represented appear or act in the case.  This means that once an attorney makes an appearance on
21  behalf of a party, that party may not personally file a document with the court; *all filings must*
22  *thereafter be made by the attorney*."  LR IA 11-6 (emphasis added).  Local rule IC 7-1 further
23  provides that "[t]he court may strike documents that do not comply with these rules."

24  Wright is further advised that any future documents filed pro se with the court while he is
25  still represented by counsel will be stricken and held for naught for failure to follow the local
26  rules of this court.  *Id.*

27  …

28  …

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Mr. Wright's motion for the court docket sheet, judgment, and commitment order in his case (ECF No. 111) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Mr. Wright's motion for a copy of his plea agreement and "criminal history" (ECF No. 116), be, and the same hereby is, DENIED without prejudice.

DATED January 27, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**